## Diamond v. Miller

*Allen J. Beckman,* for plaintiff.

*Earl H. Parsons,* for defendants.

HIRSH, J., April 30, 1971.—This matter is before the court on plaintiff's preliminary objections to defendants' new matter. Defendants filed new matter and demanded that judgment be entered in their favor on the basis that a prior action between the parties in Montgomery County was controlling in this case. Defendants argued that in their new matter they properly pleaded facts which give rise to an affirmative defense of res judicata and/or collateral estoppel and they cite various cases dealing with the Pennsylvania rule against splitting causes of action. All of the cases cited by defendants deal with litigation which ended in a *judgment.* The Montgomery County case pleaded by defendants in their new matter here was decided by a panel of arbitrators and appealed by defendants. The appeal was never litigated to finality, nor was judgment ever entered on the arbitrators' finding and, in

fact, the suit was eventually marked settled, discontinued and ended. This presents a somewhat different situation from that cited by defendants in their authorities, as the rules applying to arbitration provide that an arbitration award does not become final and does not amount to a judgment until the time for appeal lapses and a praecipe for judgment is filed or otherwise entered of record. Under these circumstances, we hold that the Montgomery County action pleaded in defendants' new matter has no bearing on the present case and, accordingly, it is hereby ordered that plaintiff's preliminary objections to defendants' new matter are sustained and defendants' new matter is ordered stricken.